**MODARELLI, Plaintiff-Appellee, v. ANTONUCCI, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3797.   Decided October 6, 1955.

Frank J. Eattisti, Youngstown, for plaintiff-appellee.
D. F. Rendinell, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, PJ.

Defendant appealed to this court on questions of law and fact from a judgment of the court of common pleas entered upon a jury verdict of $2500.00 returned for plaintiff in his action against defendant to recover $1000.00 exemplary and $5,000.00 punitive damages for personal injuries sustained allegedly as the result of an assault made upon him by defendant.

Since the appeal was improperly perfected as one on questions of law and fact the words "and fact" were stricken from defendant's notice of appeal, and it appearing that a bill of exceptions was duly filed the appeal was submitted, argued, retained, and will be determined as one on questions of law.

On November 27, 1953, the receiver of the Logan Square Electric Company in Youngstown, Ohio, a corporation owned by defendant and his two sons, called plaintiff (who had a hardware store) by telephone to come to the Logan Square Electric Company to discuss with him accounts receivable, which defendant claimed plaintiff owed to the corporation.

Defendant interrupted the conversation between the plaintiff and the receiver several times, during which conversation subsequently and without warning defendant struck and beat plaintiff about the face in the presence of five people. Plaintiff offered no resistance. Apparently dissatisfied with his ability with his fists, defendant went to the rear of the building in which they were conversing, seized an iron pipe and ran toward plaintiff in a threatening manner chasing him from the building.

Medical examination of plaintiff disclosed several lacerations of his lip, a two inch laceration of the right lower chin, a three inch laceration of his cheek, a sprain of the right mandibular joint, a loosening of his teeth, and injury in the right temporal region causing pressure in that region which lasted about five months. From these injuries and the beating that caused them plaintiff suffered headache, nausea, vomiting and shock causing him to be absent from his work (where he earned $23.00 a day) for more than a week, and causing him great physical pain and mental anguish, humiliation, and small medical expense.

Defendant admitted to a Youngstown city policeman called to quiet the disturbance that he struck and beat plaintiff; that plaintiff offered no resistance; and that if the patrolman had not interferred he would have administered a more severe beating to plaintiff.

While not pleading self defense defendant testified he took plaintiff by the arm and said he wanted to discuss business matters with him; that plaintiff struck his hand, knocked it off his arm onto a hot water heater, as a result of which he testified it was injured, and that then he slapped plaintiff in the face.

Defendant makes much of the fact notwithstanding evidence that defendant struck plaintiff in the face; that plaintiff was unable to remember whether defendant struck him once or more than once; and that there was no "clear evidence by any witness as to whether the blow was with the open hand or with a fist." We are not impressed with these contentions under the conflicting evidence in the trial court.

Defendant contends that the trial judge erred to his prejudice in admitting evidence, over his objection, that plaintiff had defendant arrested in the Municipal Court of Youngstown for assault and battery, without permitting defendant to introduce evidence that he was acquitted of such charge, on the theory plaintiff "opened the door and incited the passion and prejudice of the jury with talk of a criminal charge, then with the court's aid, slammed the door shut to prevent letting the jury know appellant was found not guilty"; that "once such inflaming testimony is permitted over objection," that "an opponent may reply with countering evidence whenever it is needed for removing an unfair prejudice which might otherwise have ensued from the original evidence"; and that the trial judge also erred to defendant's prejudice in permitting the introduction of evidence on cross-examination of defendant of other fights in which he was engaged.

Under this assigned ground of error defendant contends that the trial judge erred to his prejudice in admitting his testimony concerning immediately after he ran from the building where he was assaulted when plaintiff swore out a warrant for defendant's arrest in the Municipal Court of Youngstown. The evidence in respect thereto is as follows:—

"Q. Now thereafter did you leave the premises—well, you did leave the premises on East Rayen?

"A. Yes.

"Q. Where did you go?

"A. I talked to the policeman who was leaving and I told him about—

"Court: No, the question is where did you go?

"A. I went down to file a warrant or something on that order.

"Q. You came to my office first, did you not?

"Mr. Rendinell: Mr. Battisti, I object to that statement.

"Court: I think that is all right, he may answer. Did you go to Mr. Battisti's office?

"A. Yes sir."

Now it is argued by defendant, we believe without force, that by objecting plaintiff opened the door, and that the court erred to defendant's prejudice by rejecting evidence of the outcome of the trial in the Municipal Court, notwithstanding counsel for plaintiff did not refer to the warrant again until it was gone into again extensively by defendant.

As we understand defendant's argument it is his contention that counsel's statement "you came to my office first, did you not" and defendant's answer to another question "I went down to file a warrant or something on that order" were inflammatory. While defendant objected to counsel's statement, which the trial judge ruled, we believe correctly, was not

objectionable, there is no evidence that defendant objected to defendant's answer nor asked to have it stricken from the record. We conclude that even though the answer was objectionable, which viewing the matter as we do we need not determine, defendant waived any claimed error by not registering his objection, which as suggested by counsel for the plaintiff "he cannot save (his objections) until after the verdict is returned."

We find no error prejudicial to the defendant in any of the respects urged in this assigned ground of error.

Defendant claims "that the court erred in his charge to the jury over appellant's objection and to his prejudice" because:—

"While there was no plea by appellant of self-defense, nonetheless his evidence was to the effect that he was struck first and provoked (R. 109). This evidence was first ignored and then confounded by the learned trial judge in his charge. The court's charge (R. 127) first tells the jury it must find as a matter of fact that appellee, plaintiff below, must support his burden of proof of an, presumably 'unwarranted,' assault and battery before it can go on to assess his damage. Yet, a few pages later, at R. 132 the court relieves the jury of the duty to so find the pivotal fact and, in effect but without properly saying so, directs a verdict for liability and proof. The court there charged 'there cannot be a verdict for defendant in this case.'"

Further defendant urges that the trial judge erred to his prejudice in his charge:—

"* * * in not at the first instance instructing the jury to separate its findings as to compensatory and punitive damage and, in the second, in not requiring the jury to correct its verdict when rendered before entering judgment thereon."

As a result of a careful study of the evidence and the law applicable thereto we cannot concur in defendant's contention that the trial judge erred to his prejudice in the respect urged first in the assigned ground of error under discussion.

The case of Chesapeake & Ohio Ry. Co. v. Johns, 155 Ky. 264, 159 S. W. 822, 50 L. R. A. (n. s.) 853, answers his second contention with respect to prejudicial error in the general charge of the trial judge, in which case it is said:—

"Appellant made no request on the trial for the separation in the verdict of the punitive from the compensatory damages but now insists it was the duty of the court to have required this of the jury without such request, * * *. Appellant had a right to have these damages separated in the verdict, but it waived that right by its failure to ask that it be done."

In our opinion the trial judge carefully and correctly defined these two types of damages.

Now defendant claims that the verdict of the jury "is an improper verdict because it is uncertain, unclear, unintelligible and inconsistent" for the reason that "the petition asks $1,000.00 compensatory damages and $5,000.00 punitive damages" and the verdict was for $2500.00; that in such a situation "without a separation and allocation of punitive and compensatory damages, how can appellant know where he stands?"

Defendant further claims by brief:—

"Limited to $1,000.00 by his prayer for compensatory damage, which appellant urges is an amount beyond reason, the jury would have rendered an excessive verdict if it thought it was allowing $1,000.00 of the $2,500.00 as such. If the jury meant to award nominal damages only, such as $1.00, for compensatory damages, then the punitive damages are outrageously disproportionate. See 4 Am. Jur. Sec. 193 at page 220 wherein it is said that the amount of exemplary damages that may be awarded depends on the facts of each case and is largely a matter within the discretion of the jury. The award, however, must bear some reasonable proportion to the amount of compensatory damages; and where the actual damages are found to be substantial, an award of punitive damages for 10 times that amount will not be sustained.

"Bringing this statement into sharp local focus, let us suppose, that on a medical bill of $36.00 and some 'scratches' treated with mercurochrome, the jury meant to award $250.00. (Of course, we can't tell what they meant. Their improper verdict didn't separate the two.) Such an amount would certainly be substantial under the evidence. Then, a verdict of $2500.00 would be ten times the substantial compensatory damage and would have to fall."

Defendant further claims that "this way appellant is left handcuffed, wondering and amazed."

Phrasing his claim differently defendant claims that "the verdict is frail, invalid and fraught with impropriety and that the excessiveness was obviously due to error in permitting testimony of a criminal prosecution without allowing curative evidence of acquittal, thus inflaming the passion and prejudice of the jury. Of the same effect were the improperly permitted questions on cross-examination relating to other fights in which appellant might have engaged."

This court reviewing the proceedings of the trial court is unable to segregate by computation the two items of damages, namely punitive damages and exemplary damages, but it clearly appears that the verdict of $2500.00 was excessive.

Further defendant claims by assignment of error that the damages were excessive and were given under the influence of passion and prejudice."

Reviewing all the evidence carefully, as we have done, we believe that the verdict of the jury is excessive to the extent of $1,000.00, but that the verdict was not rendered by the jury under the influence of passion and prejudice.

In our opinion, except as noted elsewhere herein, the trial judge committed no error prejudicial to defendant in any of the respects urged by the defendant in his assigned grounds of error that the verdict of the jury is "uncertain, unclear, unintelligible and inconsistent"; nor that "it is frail, invalid and frought with impropriety" and "is not sustained by sufficient evidence, and is contrary to the manifest weight thereof."

This is an action in tort for unliquidated damages, and, as suggested, the only error we find is that the verdict is excessive.

Having reach the conclusion announced with reference to the excessiveness of the verdict of the jury the verdict is reduced by remit-

titur of all of the amount thereof in excess of $1500.00. If such remittitur is accepted by the plaintiff within thirty days from the date of the entry placed upon the docket (not journal) of this court the judgment of the court of common pleas is affirmed, otherwise a new trial is granted on the ground that the verdict of the jury is excessive and this without regard to the consent of the defendant-appellant.

NICHOLS, J, concurs in judgment.
GRIFFITH, J, concurs.